**In re LYSINGER et al.**
No. 194.

District Court, S. D. Iowa, S. D.
Feb. 7, 1940.

Don C. Young, of Omaha, Neb., for Federal Land Bank of Omaha.

L. M. Hullinger, of Lamoni, Iowa, for debtor.

DEWEY, District Judge.

The above bankrupts having been duly adjudged as such, the commissioner, to whom the matter had been referred, gave due notice to all parties in interest to show cause, if any they had, why the real estate should not be rented to the debtors for a three year period and a stay order issued, as provided by Subsection s, section 75, of the Act, 11 U.S.C.A. § 203, sub. s.

At the hearing the Federal Land Bank of Omaha filed written objections to the issuance of such an order, alleging, among other things, that the real estate on which it held a mortgage was burdensome and should be released to permit a continuance of a foreclosure action then pending as against the bankrupts by said mortgagee. The commissioner overruled these objections and entered an order of date December 16, 1939, fixing a valuation on the real estate, setting aside exempt property, renting the real estate to the bankrupts and issued a stay order against further prosecution of the foreclosure proceedings. Said mortgagee, the Federal Land Bank of Omaha, has petitioned for a review of that order.

In the certificate of the referee-commissioner he states that he does find that the real estate is burdensome but that under the recent decision of the Supreme Court of the United States in the case of John Hancock Mutual Life Ins. Co. v. Bartels, 60 S.Ct. 221, 224, 84 L.Ed. ——, decided December 4, 1939, he understands that there can be no release of the real estate when proceedings under subsection s have been started, as that section has to do with administration and not with liquidation.

I am satisfied that the recently decided Bartels case does not go as far as the commissioner's interpretation thereof, as the court expressly said: "We are not here concerned with questions which may arise in the course of the administration under the statute, but merely with the duty to follow the procedure which the statute defines and the District Court failed to observe." And the Supreme Court in the Wright v. Vinton Branch, 300 U.S. 400, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455, case indicated that in the due course of the administration of the Act there was some latitude in the administration where it appears that to carry out the exact provisions of Subsection s would substantially affect the security of the secured creditors. However, this does not mean that the mere fact that the value of the real estate is less than the security, warrants a commissioner in releasing the property as burdensome to the estate. See In re Anderson, D.C., 22 F.Supp. 928, evidently approved by the Circuit Court of Appeals of this Circuit in Cowherd v. Phoenix Joint Stock Land Bank, 99 F.2d 225.

In the Anderson case the Judges discuss at length the question of rehabilitation and what facts and under what conditions and situations a court would be justified in refusing to continue the administration of the real estate under Subsection s of the Act. Among other things, they suggest that consideration should be given to the question of whether the farmer would be able to pay the appraised value within the three-year period.

And "To rehabilitate does not necessarily imply an ability to pay in full one's entire debt structure." D.C., 22 F.Supp. page 932. And this is certainly confirmed by the Bartels case. Many other questions would have to arise to warrant releasing the real estate from the administration in violation of the express provisions of subsection s. The question of ability to pay in full the entire debt structure at the end of the three-year period would not alone be sufficient.

I have carefully examined the transcript and the record here and find no reason to interfere with the commissioner's conclusion that the land should not be released from administration under the record. The Clerk will therefore enter the following order:

This matter having come on for hearing on a petition by the Federal Land Bank of Omaha to review an order of the Conciliation Commissioner entered by him on the 16th day of December, 1939, and said review having been carefully considered, the same is overruled and said Order of December 16, 1939, is approved and confirmed. Federal Land Bank of Omaha excepts.